UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTIN JOHNSON and JANE DOE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FRANK KENDALL, Secretary of the Air Force,<br><br>Defendant. | Civil Action No.<br>3:21 - CV - 1214 (CSH)<br><br><br>JUNE 11, 2024 |

**FINAL ORDER AND JUDGMENT**

**HAIGHT, Senior District Judge:**

WHEREAS:

A. As of **April 24, 2023**, Martin Johnson and Jane Doe (collectively "Class Representatives"), individually and on behalf of themselves and a class of persons similarly situated (the "Plaintiffs"), and Mr. Alex Wagner, Assistant Secretary of the Air Force for Manpower and Reserve Affairs, duly authorized in his official capacity to execute such agreement on behalf of Defendant Frank Kendall, in his official capacity as Secretary of the Air Force (the "Air Force") ("Defendant"), entered into a Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement Agreement") [Doc. 92-1] in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the

1

exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Complaint filed on September 13, 2021 [Doc. 1] on the merits and with prejudice (the "Settlement");

B. Pursuant to the "Preliminary Ruling on Proposed Settlement," entered **September 26, 2023** (the "Preliminary Approval Order") [Doc. 104], the Court scheduled a hearing for **December 4, 2023,** at **10:00 a.m.** (the "Fairness Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered;

C. The Court ordered that the Class Notice, substantially in the forms attached to the Stipulation as Exhibit "B," be provided to Settlement Class members as described in the Stipulation. The Class Notice advised potential Settlement Class members of the date, time, place, and purpose of the Fairness Hearing. The Class Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by **November 13, 2023** (*i.e.*, twenty-one (21) calendar days before the Fairness Hearing);

D. The provisions of the Preliminary Approval Order as to notice were complied with;

E. On **November 27, 2023**, the parties moved for final approval of the Settlement [Doc. 106]. The Fairness Hearing [Doc. 109, 111] was duly held before this Court on **December 4, 2023**, at which time all interested Persons were afforded the opportunity to be heard; and

F. This Court has duly considered Plaintiffs' motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates and makes a part hereof the Stipulation filed with the Court on **April 24, 2023.** Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Settlement Class of:

> Members and former members of the Air Force, Space Force, Air Force Reserve, and Air National Guard who served in the military during the Iraq and Afghanistan eras, defined as those with discharge dates from October 7, 2001 through the Effective Date of Settlement, and who:
>
> (a) were discharged from the Air Force, Space Force, Air Force Reserve, or Air National Guard with the following service characterizations: Under Honorable Conditions (General), or Under Other Than Honorable Conditions (UOTHC); but not the following service characterizations: Bad Conduct Discharges (BCDs), Dishonorable discharges, Uncharacterized discharges, or Dismissals;
>
> (b) who, if they submitted a previous discharge upgrade application or application for reconsideration, submitted at least one such application on or after September 13, 2006;
>
> (c) have not received upgrades of their service characterizations to Honorable; and
>
> (d) have diagnoses of post-traumatic stress disorder (PTSD), Traumatic Brain Injury (TBI), or other mental health conditions, or have experiences of sexual assault or sexual

> harassment, or records documenting that one or more symptoms of PTSD, TBI, other mental health conditions, or experiences of sexual assault or sexual harassment existed/occurred during military service, under the Kurta Memo standard of liberal consideration.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order, certifying Martin Johnson and Jane Doe as Class Representatives for the Settlement Class and appointing the Jerome N. Frank Legal Services Organization of Yale Law School and the law firm of Jenner & Block LLP as Class Counsel for the Settlement Class.

5. The Court finds that the publication of the Class Notice (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class members of the effect of the Settlement, of Class Counsel's request for an award of attorney's fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class members' right to object to the Settlement, and of their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).

6. There have been no objections to the Settlement.

7. In light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against Defendant, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair,

reasonable and adequate, and in the best interests of the Class Representatives and the Settlement Class. This Court further finds that the Settlement, as set forth in the Stipulation, is the result of arm's-length negotiations between experienced counsel representing the interests of the Class Representatives, the Settlement Class, and Defendant. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Complaint filed on **September 13, 2021,** [Doc. 1], is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. Upon the Effective Date of the Settlement and as specified in the Stipulation, the Class Representatives and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Settled Claims against the Defendant, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Settled Claims against the Defendant.

11. Each Settlement Class member is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

12. Defendant shall pay Class Counsel's fees and costs in the amount of $55,000, as specified in the Attorney Fee Agreement. This amount does not include any time, if necessary, to enforce any breach of the Stipulation. The Court finds that this award is fair and reasonable.

13. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

15. The Court retains jurisdiction over this discontinued action, in the event disputes arise over the implementation of the Settlement Agreement.

The Court, having GRANTED the Parties' joint application for Final Approval of the Settlement Agreement [Doc. 106], hereby incorporates that agreement [Doc. 92-1] as part of this Order. The Clerk of the Court is directed to discontinue the action and close the file, without costs, except as provided in the Settlement Agreement.

It is SO ORDERED.

Signed:  New Haven, Connecticut
         June 11, 2024

                                                    /s/*Charles S. Haight, Jr.*
                                                    CHARLES S. HAIGHT, JR.
                                                    Senior United States District Judge